UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. 25-21272-CIV-SMITH/HUNT

NAIDA DAVIS,

                Plaintiff,

v.

CARNIVAL CORPORATION,

                Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before this Court on Plaintiff's Motion for Sanctions for Spoliation of Evidence.  ECF No. 18.  The Honorable Rodney Smith referred the Motion to the undersigned United States Magistrate Judge for a Report and Recommendation.  *See* ECF No. 8, *see also* 28 U.S.C. § 636(b); S.D. Fla. Mag. R. 1.  Having carefully reviewed the Motion, the response and reply, the court file, and applicable law, the undersigned respectfully recommends the Motion be DENIED for the reasons outlined below.

This case arises out of a fall on a cruise ship where Plaintiff was a passenger.  The fall occurred when Plaintiff tripped over a protruding metal threshold.  Plaintiff's sandal caught on the threshold, causing her to fall forward, sustaining multiple injuries.   Plaintiff alleges the threshold "was visually indistinguishable to a reasonable passenger from the surrounding tile due to its similar color and reflective surface."  ECF No. 18 at *1.

Plaintiff's accident occurred on August 11, 2024.  The incident was recorded in the security officer watch report on August 12, 2024, and Defendant prepared an accident report the next day.  The alleged spoliation occurred shortly after, sometime between

August 17, 2024, and August 20, 2024, when Defendant's staff modified the threshold, filling in the gap that caused Plaintiff to trip.  Plaintiff was not notified regarding this modification.   Plaintiff retained counsel on August 29, 2024, and formally notified Defendant of Plaintiff's intent to sue.  Defendant acknowledged the representation and preservation letter the following day.  Plaintiff now alleges that Defendant should have anticipated litigation as early as August 13, 2024, and that modifying the threshold such that it was flush with the floor without giving Plaintiff the opportunity to inspect it constitutes spoliation.

To justify sanctions in an alleged spoliation case, "[t]he party seeking [spoliation] sanctions must prove . . . first, that the missing evidence existed at one time; second, that the alleged spoliator had a duty to preserve the evidence; and third, that the evidence was crucial to the movant being able to prove its prima facie case or defense." *In Re Bos. Boat III, L.L.C.*, 310 F.R.D. 510, 515 (S.D. Fla. 2015) (quoting *Walter v. Carnival Corp.*, No. 09-20962-CIV-GOODMAN, 2010 WL 2927962, at *2 (S.D. Fla. July 23, 2010)).

It is undisputed that the evidence in question existed.  There are photographs of the threshold both before and after the repair.  As for whether Defendant had a duty to preserve the threshold for inspection, "[a] party's duty to preserve evidence only arises once litigation is pending or reasonably foreseeable." *Easterwood v. Carnival Corp.*, No. 19-22932-CIV-BLOOM/LOUIS, 2020 WL 6781742, at *5 (S.D. Fla. Nov. 18, 2020) (quoting *Graff v. Baja Marine Corp.*, 310 F. App'x 298, 301 (11th Cir. 2009)).  Normally, this occurs when the party becomes aware of the intent to sue, but that is not necessarily a requirement.  Instead, "[a] party has the requisite notice when it can reasonably anticipate impending litigation—that is, litigation that has more than a possibility of

occurring—to which the evidence would be relevant." *Id.* (internal quotation marks omitted). Cruise lines often have a standing policy to investigate all claims of passenger injuries in anticipation of litigation. *See., e.g.*, *Alexander v. Carnival Corp.*, 238 F.R.D. 318, 319 (S.D. Fla. 2006) (finding that defendant has established a policy of preparing reports for incidents resulting in injury and may end up in litigation, and that those reports are covered by work product privilege).

Assuming *arguendo* that Defendant was on notice that litigation was likely in the cards, Plaintiff must nonetheless show that the evidence was crucial to her case. To that end, the undersigned notes that Plaintiff did include with her Motion photographs depicting the threshold before and after the modification. The "before" photographs clearly depict the gap mentioned. ECF No. 18 at *5. Plaintiff describes the photos as follows:

> As can be seen, there was an elevated non-flush gap between the threshold and the floor on the left of the above photograph taken around the time of DAVIS' incident. However, the threshold after the threshold was altered shows that this gap has been removed. The tiles surrounding the threshold were changed too, as the tiles above are a totally different color and pattern as they were prior to the incident.

*Id*. Plaintiff claims that, despite these photos, she has been deprived of the opportunity to have an expert directly examine the threshold to better evaluate its condition, functionality, and the degree to which it violated industry standards.

Defendant counters that although Plaintiff was unable to physically inspect the threshold, its condition was documented and photographed after Plaintiff reported the incident. Having examined the photographic evidence, the undersigned agrees. To be sure, Plaintiff might have a stronger case had her expert been able to physically examine

the threshold.  But it appears that Plaintiff can make her case regarding the threshold's condition from the available evidence currently before this court.

Even assuming the evidence was crucial, this would not justify spoliation sanctions.  As the Eleventh Circuit wrote in *Tesoriero v. Carnival Corp.*:

> Spoliation sanctions—and in particular adverse inferences—cannot be imposed for negligently losing or destroying evidence.  Indeed, "an adverse inference is drawn from a party's failure to preserve evidence only when the absence of that evidence is predicated on bad faith."  *Bashir v. Amtrak*, 119 F.3d 929, 931 (11th Cir. 1997).  And bad faith "in the context of spoliation, generally means destruction for the purpose of hiding adverse evidence."  *Guzman v. Jones*, 804 F.3d 707, 713 (5th Cir. 2015).  This consideration is key in evaluating bad faith because the party's reason for destroying evidence is what justifies sanctions (or a lack thereof).  "Mere negligence is not enough, for it does not sustain an inference of consciousness of a weak case."  *Vick v. Tex. Emp't Comm'n*, 514 F.2d 734, 737 (5th Cir. 1975) (citation omitted).

965 F.3d 1170, 1184 (11th Cir. 2020).

There is nothing to indicate that Defendant repaired the threshold for the purpose of hiding adverse evidence.  Given that Plaintiff did not request that the threshold be preserved for inspection until more than two weeks after the incident, it is arguable whether Defendant was "fully aware" that Plaintiff would want to have an expert examine the flooring.  *Tesoriero,* 965 F.3d at 1185 ("And unlike the plaintiff in *Flury [v. Daimler Chrysler Corp*., 427 F.3d 939 (11th Cir. 2005)]*, [Defendant] cannot be said to have been "fully aware" of Tesoriero's desire to further inspect the [spoliated evidence].").  But even assuming Defendant was aware, all the evidence before the undersigned indicates that Defendant repaired a reported condition after investigating an incident.  "This Court cannot say that the 'act causing the loss cannot be credibly explained as not involving bad faith by the reason proffered by the spoliator.'"  *Reynes v. Paradise Cruise Line Operator Ltd., Inc.*, No. 20-61474-CIV-CANNON/HUNT, 2021 WL 2905503, at *4 (S.D.

Fla. June 10, 2021) (quoting *Calixto v. Watson Bowman Acme Corp.*, No. 07-60077-CIV-ROSENBAUM, 2009 WL 3823390, at *16 (S.D. Fla. Nov. 16, 2009), *report and recommendation adopted*, No. 20-61474-CIV-CANNON/HUNT, 2021 WL 2895640 (S.D. Fla. July 9, 2021)).  Plaintiff has nothing but speculation that the repair was committed to hide the evidence.  Accordingly, the spoliation sanctions that Plaintiff requests are not justified, and the Motion must be denied.[1]

---

[1] This does not, however, mean that Defendants can completely escape the consequences of their actions.  "Certainly, Defendant should not be allowed to point to Plaintiff's failure to examine the ship as evidence that the conclusions of Plaintiff's expert are faulty, nor should Defendant be allowed to use an expert who *did* have access to the ship to defend itself against Plaintiff's claims by taking advantage of that access." *Reynes*, 2021 WL 2905503, at *4.  The trial court should "take care that Defendant does not use the lost evidence to gain an untoward advantage." *Id.*  "Although the [sanction] Plaintiff requests is not justified at this time, Defendant would be wise to avoid doing anything that might change the analysis in the future." *Id.*

**RECOMMENDATION**

Accordingly, it is hereby RECOMMENDED that:

Plaintiff's Motion for Sanctions for Spoliation of Evidence, ECF No. 18, be DENIED.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district.  28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3–1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND SUBMITTED at Fort Lauderdale, Florida this 2nd day of July 2026.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies Furnished to:

The Honorable Rodney Smith
All counsel of record